NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—February, 1883.

BRAY v. SMITH.

*In the matter of the estate of* JOHN C. BRAY, *deceased.*

The bare fact that an executor, during the pendency of proceedings to revoke probate of his decedent's will, attempts to withdraw funds of the estate from a savings bank in which the decedent had deposited them does not call for the restraining authority of the Surrogate's court, as an infraction of the provision of Code Civ. Pro., § 2650, that, after service of the citation, the executor " must suspend, until a decree is made upon the petition, all proceedings relating to the estate except for the recovery or preservation of property, the collection and pay-

ment of debts, and such other acts as he is expressly allowed to perform by an order of the Surrogate."

That section fixes the bounds of an executor's authority during the pendency of such a controversy.

As to whether the Surrogate's court may properly, under certain circumstances, by order, narrow those bounds, *quære*. But the circumstance that want of testamentary capacity in decedent, and undue influence on the part of the executor, are alleged is not sufficient to justify such action by the court.

APPLICATION by Henry W. Bray, brother and sole surviving next of kin of decedent, for an order restraining James Smith, executor of his will, from interfering with certain funds of the estate. The facts appear sufficiently in the opinion.

A. F. WEST, *for petitioner*.

EDWARD F. TAGGARD *and* CHARLES STRAUSS, *for executor*.

THE SURROGATE.—The petitioner is the only surviving next of kin of decedent, and is made his residuary legatee by an instrument which was lately propounded as his will.

That instrument was admitted to probate on the 9th of January last. On the 13th, the petitioner commenced proceedings for revocation of such probate, upon the ground that decedent was wanting in testamentary capacity, and had been induced by the undue influence of the respondent and another to execute the paper which was claimed to be his will. The issue thus raised has not yet been brought to trial.

The court is asked, in the present proceeding, to restrain the executor from removing the sum of $2,200, moneys of the estate, from the East River Savings Institution, where they are now deposited.

It appears that, before January 16th, when the executor was served with a citation to show cause against the revocation of probate, he had drawn from said East River Savings Institution $300, of $2,500 then on deposit to the credit of the estate, and that, subsequently, on January 30th, he presented a draft for $500, which has not yet been paid.

The petitioner's counsel claims that this action by the executor was in violation of section 2650 of the Code of of Civil Procedure, which provides that, after service of citation, the executor "must suspend, until a decree is made upon the petition, all proceedings relating to the estate, except for the recovery or preservation of property, the collection and payment of debts, and such other acts as he is expressly allowed to perform by an order of the Surrogate."

The petitioner's claim is not well founded. Even in the absence of any explanation, the bare fact that the executor attempted to withdraw the funds of the estate from a savings bank, in which they had been placed by decedent, does not demand the interference of the court. Such action on the part of the executor is not within the prohibition of section 2650, and, despite the restrictions of that section, may often be taken with the strictest propriety. The allegations respecting the mental incapacity of the decedent, and the undue influence which is claimed to have been exerted in persuading him to make the will in dispute, do not warrant my placing any other limitations upon the executor's action than are imposed by the terms of the section already cited.

Section 2650 fixes the bounds of an executor's authority, pending a controversy for revocation of probate. It

may be that, under some circumstances, those bounds may properly be narrowed by direction of the court. But, in the present case, no circumstances are shown to exist, which require my intervention.

The causes for which letters testamentary may be revoked, or for which the holders of such letters may be required to give security, are distinctly enumerated in section 2685 of the Code. Unless it can be shown that this executor is amenable to some one of the charges there specified, he ought not to be restrained from such a simple exercise of his functions as that which is here the subject of complaint.

Petition dismissed.